WILBUR F. CARY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cary v. Commissioner
Docket No. 46165-86.
United States Tax Court
T.C. Memo 1988-128; 1988 Tax Ct. Memo LEXIS 156; 55 T.C.M. (CCH) 484; T.C.M. (RIA) 88128; March 28, 1988; As amended March 30, 1988 Wilbur F. Cary, pro se. Anne Murphy, for the respondent. PARR
MEMORANDUM OPINION PARR, Judge: Respondent determined the following deficiency and additions to petitioner's Federal income tax for the taxable year 1981 as follows: Additions to Tax, I.R.C. 1954
Year
Deficiency
§ 6653(a)(1)
§ 6653(a)(2)
§ 6651(a)
§ 6654(a) [1]
1981
$ 6,715
$ 335.75
50% of interest
$ 1,678.75
$ 514.97
due on $ 6,715
The issues are (1) whether petitioner is entitled to a Schedule C loss in 1981; (2) whether petitioner *157 may claim a net operating loss carryover from 1984; (3) whether the additions to tax should be imposed, and (4) whether damages should be awarded to the United States under section 6673. Petitioner resided in San Francisco, California, when he filed his petition in this case. Respondent's statutory notice was mailed to petitioner on September 10, 1986. Petitioner did not file his Federal income tax return for 1981 until February 26, 1987, apparently under Court order emanating from a state tax case. During the taxable year in issue petitioner earned $ 28,155 in wages from Nielsen Freight Lines in Pataluma, California, in 1981. However, no income tax was withheld from these wages because on October 8, 1979, petitioner had filled with his employer a Form W-4 on which he claimed he was exempt from withholding. During 1981, petitioner was also self-employed as a locksmith doing business as Marina Lock & Security Systems. Petitioner admits he received wages of $ 28,000, but claims a loss from his locksmith businesses of $ 12,032 based on $ 22,507 of carryover from 1984 in the amount of $ 13,124. The evidence in this case consists of a short stipulation of facts, copies *158 of petitioner's 1981 and 1984 income tax returns, a copy of petitioner's individual master file showing zero tax due for 1981, and a copy of a letter dated June 5, 1985, from petitioner to respondent making protester type arguments including the tired but familiar "wages are not income" argument and claiming refunds due from 1979 through 1983 based upon purported business losses. Attached to petitioner's June 5th letter is a copy of a letter from respondent dated May 17, 1985, stating that petitioner had failed to respond to respondent's previous request for petitioner's Form 1040 for 1981 and concluding that petitioner did not intend to file a return or provide a reason for not filing. At trial, petitioner did not offer any documentation to substantiate the deductions claimed on Schedule C of his 1981 tax return nor to support the net operating loss claimed on his 1984 income tax return. Petitioner simply insisted that the returns as filed were correct, that the statutory notice of deficiency was wrong, and that respondent's notice of deficiency was arbitrary and capricious. He argued that respondent's records indicated a zero tax due, and therefore the notice of deficiency was *159 wrong. Petitioner has the burden of proving that respondent erred in his notice of deficiency. ; Rule 142(a). Petitioner did not meet his burden. The fact that respondent's record shows a zero tax due for 1981 is simply a reflection that as of November 5, 1987, the date on petitioner's individual master file transcript, no tax had been assessed against petitioner. This is because petitioner showed a zero tax due on his income tax return, and the filing of this case suspended the assessment. Therefore, no tax could have been assessed as of that date. That is not an admission by respondent that petitioner did not have a tax deficiency for 1981. Respondent is sustained on the items set forth in the notice of deficiency. At trial, respondent moved for damages under section 6673. That section provides for the imposition of damages in an amount not to exceed $ 5,000 where a case is brought or maintained primarily for delay or where the position taken by petitioner is frivolous or groundless. This is manifestly such a case. Petitioner has previously appeared in this Court [2] and he is thus familiar with the Rules *160 of this Court. Our standing pretrial order, served on petitioner with the notice setting this case for trial, requires the parties to exchange documents 15 days before calendar call. Respondent's counsel wrote petitioner on three occasions asking him to produce evidence; however, petitioner refused to even show respondent's counsel his income tax returns for 1981 and 1984 until the day of trial, and then only when the Court ordered him to do so. At trial petitioner failed to produce any records or other documentation to support the deductions claimed. At the examination level, he replied to respondent's requests for information by making protester type arguments. Although petitioner may have had legitimate deductions in connection with his locksmith business, he was so intent on asserting his "rights" that he has harmed himself by refusing to substantiate such deductions. [3] In light of the above, we find this case was instituted and maintained primarily for delay, and award damages to the United States in the amount of $ 4,000. *161 An appropriate decision will be entered.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. . ↩
3. We note that respondent has not charged petitioner with the $ 10,475 income reported on Schedule C; in effect, respondent has allowed petitioner deductions equivalent to his income--a result that under the circumstances seems to us to be eminently fair. ↩